(75 App. Div. 138.)

PEOPLE ex rel. TUPPER LAKE WATER CO. v. SISSON et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. TOWNS—WATER SUPPLY—WATER DISTRICT—CONTRACT—VALIDITY.

    Laws 1890, c. 566, § 81, as amended by Laws 1896, c. 678, § 1, providing that any town may establish a water-supply district, and contract with a corporation for a supply of water for such district, and assess a tax therefor on the property within the district, does not authorize a town, all of which is included in a water district, to contract for a supply of water for a portion only of the town.

2. SAME—NOTICE.

    A person contracting with a town board to furnish water for public purposes for a portion only of the water district, which contract is beyond the authority of the board to make, is chargeable with knowledge of such fact.

3. SAME—PERFORMANCE OF CONTRACT—EFFECT.

    Where water has been furnished under a contract with a town board to furnish such water to a portion of the town, which contract is void, as beyond the power of the board, the town is not liable to pay for such water.

Certiorari by the people, on relation of the Tupper Lake Water Company, against Charles H. Sisson and others, as auditors of the town of Altamont, to review their action in rejecting relator's claim for water furnished the town under a contract. Judgment for defendants.

The claim was rejected on the ground that the contract was unauthorized and invalid, and therefore not binding upon the town.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Badger & Cantwell (John P. Badger, of counsel), for relator.

Kellas & Genaway (John P. Kellas, of counsel), for defendants.

KELLOGG, J. For authority to create a water-supply district, and to contract for a water supply, the town board of the town of Altamont seems to have resorted to a provision of the so-called transportation corporation law (chapter 566, § 81, of the Laws of 1890, and acts amendatory; Laws 1896, c. 678, § 1), which, at the time this contract was made, read as follows:

"The town board of any town may establish a water supply district in such town outside of a city or incorporated village therein, by filing a certificate describing the bounds thereof in the office of the town clerk; and may contract in the name of the town for the delivery by a corporation, subject to the provisions of this article, of a supply of water for fire, sanitary or other public purposes, to such districts, and the whole town shall be bound by such contract, but the rental or expense thereof shall annually in the same manner as other expenses of the town are raised, be assessed, levied upon and collected only from the taxable property within such water supply district. * * * No such contract shall be made for a longer period

than five years, nor for an annual expense exceeding three mills upon each dollar of the taxable property within such water supply district."

On the 7th day of October, 1899, the town board filed with the town clerk a certificate:

"We, * * * constituting the town board of the town of Altamont, Franklin county, N. Y., pursuant to statute do hereby establish by this certificate a water-supply district in said town of Altamont, Franklin county, N. Y., and do establish the following bounds, to wit: Said water-supply district shall have the same boundaries as the said town of Altamont, Franklin county, N. Y."

And on the same day the town board entered into the written contract in question.

The record shows: That the town of Altamont is 18 miles long and 6 miles wide. Much the greater portion of the town is wild, unoccupied forest land, and some portions mountainous. Eighty per cent. of the inhabitants of the town reside in two villages,—Tupper Lake Village, having about 2,000 inhabitants, and Tupper Lake Junction, having about 250; the two villages being about two miles apart. That the assessed valuation of the whole town is $538,543. That of this amount, $209,534 is the assessed valuation of the property of the villages, and $329,009 is the assessed valuation of the town outside the two villages. That the contract provides for a water supply for the two villages and the street between the two villages. The streets in which the pipe line was to run are named in the contract, and there is nothing obligatory upon the relator to lay lines of pipe elsewhere. It is plain that the object of the law authorizing the designation of a water-supply district is solely for the purpose of making a contract with some corporation for a supply of water. The town is not here authorized to create a water supply or lay pipe or erect hydrants. The contract. therefore, and the district designated, must correspond in area. The district established cannot properly be greater than the district to be supplied under the contract. A large district cannot be designated for the purpose of taxation to pay for a water supply to a part only of such district. That is not the intention of the act. The meaning of the act is plain. The area to be designated as a water-supply district must be just the area which the authorized contract is to supply with water "for fire, sanitary or other public purposes." The district here established is the whole town of Altamont, 18 miles long and 6 miles wide, or 108 square miles of territory, and the contract calls for a supply of water to less than 1 square mile. It is needless to say that here is a clear attempt to pervert the law, both in its letter and spirit,—an attempt to make those who are not benefited pay for benefits enjoyed by others. This the law neither authorizes nor permits. The contracting corporation was bound to know the law, and bound to know that all the authority the town board possessed was derived from this statute. The fact that water has been supplied under the contract creates no claim against the town of Altamont, in law or equity. The claim was therefore properly rejected.

Judgment is directed against the relator and in favor of defendants for $50 costs and disbursements. All concur.