VILLA PARK ASS'N OF GREAT NECK v. TOWN OF NORTH HEMPSTEAD et al.

(Supreme Court, Appellate Division, Second Department.    April 10, 1914.)

WATERS AND WATER COURSES (§ 183½*)—PUBLIC WATER SUPPLY—WATER DISTRICTS—POWERS OF OFFICERS.

Under Transportation Corporations Law (Consol. Laws, c. 63) § 81, authorizing town boards to establish water supply districts within their towns outside of cities or incorporated villages and contract for water supply, and declaring that in the case of an incorporated village the con-

tract shall be made by the board of trustees, or under Village Law (Consol. Laws, c. 64) § 89, by the board of water commissioners, if in existence, a town board establishing a water supply district of territory including no incorporated village and contracting for a water supply may not, after the incorporation of a village in the territory, make a contract for water supply for the territory including the village, and a contract so far as it includes the village is void, and any assessment imposed or tax levied on property within the village for the expenses incurred is invalid.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183½.*]

Submission of controversy on agreed statement of facts between the Villa Park Association of Great Neck as plaintiff and the Town of North Hempstead and others as defendants. Judgment for plaintiff.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

William R. Conklin, of New York City (John Reid, Jr., of New York City, on the brief), for plaintiff.

George B. Stoddart, of Mineola, for defendants.

BURR, J. The parties to this controversy have agreed upon a case containing a statement of the facts on which it depends, and have submitted the same pursuant to the provisions of section 1279 of the Code of Civil Procedure.

On July 14, 1902, certain taxpayers of the town of North Hempstead presented to the town board a petition for the formation of a water supply district to be known as the Great Neck Water Supply District, and on the 23d day of the same month a certificate, executed by the proper officers of said board in accordance with the provisions of the then existing Transportation Corporations Law (General Laws, c. 40 [Laws of 1890, c. 566] § 81, and the acts amendatory thereof), was filed in the office of the town clerk, which certificate described the boundaries of such district. On July 20, 1905, said town board entered into a contract in writing with the Manhasset Water Company, by which the latter agreed, upon certain terms therein specified, to furnish a supply of water for fire purposes within said district, for a period of five years. On July 13, 1906, the Manhasset Water Company became duly merged with the defendant the Citizens' Water Supply Company of Newtown, a domestic corporation, organized and existing under the transportation corporations laws of this state, and said Citizens' Company became possessed of all the property, rights, privileges, and franchises of said Manhasset Water Company, including said contract. On April 28, 1911, a portion of the territory included within the boundaries of the Great Neck Water Supply District was set apart and incorporated as a village, known as the village of Great Neck Estates. Thereafter and about the 6th day of July, 1911, the town board of defendant the town of North Hempstead assumed to enter into and did execute a contract in writing with defendant the Citizens' Water Supply Company, for a period of five years from the 1st day of July, 1911, to furnish a supply of water for the purpose of extinguishing fires during the entire territory original-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ly included in the Great Neck Water Supply District, including that portion thereof within the boundaries of the village of Great Neck Estates. Plaintiff is a domestic corporation, and is the owner of improved real estate situated within the confines of said village. All of the real property in said village, together with the real property situated in the said water supply district, has been assessed and a tax levied thereon for the rental or expense provided to be paid under said contract for the years 1911, 1912, and 1913. The tax for 1911 and 1912 has been paid by plaintiff, and it seeks no relief on account thereof in this proceeding. On October 27, 1913, a petition was presented to the town board, asking that said assessment for the year 1913 be canceled as against all property in the village of Great Neck Estates, and upon its refusal so to do this proceeding was brought by plaintiff in its own behalf, and in behalf of all others similarly situated, to determine liability to assessment, and to have the tax levied upon the property in said village for expenses incurred under said contract set aside.

We think that the contract of July 6, 1911, made by the town board of the town of North Hempstead with the water supply company was invalid, at least so far as it assumed to affect territory lying within the then incorporated village of Great Neck Estates. The Transportation Corporations Law then in force (Consolidated Laws, c. 63 [Laws of 1909, c. 219] § 81) provided that in the case of an incorporated village such contract shall be made by its board of trustees. Under the Village Law (Consolidated Laws, c. 64 [Laws of 1909, c. 64] § 89), unless the village has a separate board of water commissioners, the powers and duties of such commissioners devolve upon its board of trustees, and among such specified duties is to contract in the name of the village with an individual or corporation for supplying water to the village for extinguishing fires, or for other purposes (Id. § 220). Under the Transportation Corporations Law (supra, § 81), the power of the town board to establish a water supply district within such town is restricted to such portion of its territory as lies outside of a city or incorporated village therein. It is true that when the Great Neck Water Supply District was originally established there was no incorporated village included within its boundaries. Whether the subsequent incorporation of the village of Great Neck Estates automatically operated to change the boundary of said district, leaving the residue of the territory included therein still in existence as such district, or whether it is necessary for the town board, by affirmative action, to establish a new district, we need not now determine. The fact that it had established such district would certainly not prevent subsequent incorporation of a part of the territory included therein as a village or city.

It seems to us quite clear, therefore, that the town board, after the incorporation of the village of Great Neck Estates, had no power or authority to make contracts for water supply as to the territory lying within the limits of said village. If so, so much at least of said contract was void, and any assessment imposed or tax levied growing out of expenses incurred in connection therewith is invalid. People ex

rel. Tupper Lake Water Co. v. Sisson, 75 App. Div. 138, 77 N. Y. Supp. 376, affirmed on opinion below 173 N. Y. 606, 66 N. E. 1115; Suburban Electric Light Co. v. Town of Hempstead, 38 App. Div. 355, 56 N. Y. Supp. 443; Matter of Rhinehart v. Redfield, 93 App. Div. 410, 87 N. Y. Supp. 789.

Plaintiff is entitled to judgment upon the submitted case, canceling the assessment and tax for the year 1913, but, under the terms of the submission, without costs. All concur.